UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiffs,                                    Case No. 3:21-cr-150

vs.

TIMOTHY CRIDER,                           District Judge Michael J. Newman

    Defendant.

**ORDER: (1) DENYING DEFENDANT'S MOTION TO RECONSIDER HIS SENTENCE (Doc. No. 30); AND (2) CONFIRMING THE CASE REMAINS TERMINATED ON THE DOCKET**

Previously in this felony criminal case, the Court accepted the parties' plea agreement and Defendant's plea of guilty, and found Defendant guilty on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. No. 33 at PageID 150; *see* Doc. No. 19. The Court sentenced Defendant to a prison term of 96 months. *Id*. at PageID 151. After Defendant's sentencing hearing, but before the Court docketed his Judgment and Committal Order, Defendant, through his attorney, filed a motion to reconsider his sentence (Doc. No. 30), which the Government opposes (Doc. No. 32).

Defendant asks the Court to reconsider his eight-year sentence and instead impose a six-year sentence. Doc. No. 30 at PageID 143-44. He contends that if he "is going to have success in changing his life and living lawfully, those changes are likely to occur while on supervision, and are unlikely to occur in prison." *Id*. at PageID 141. He maintains that his eight-year sentence is much longer than necessary to treat his medical and substance abuse issues. *Id*. He further contends that eight years of imprisonment amounts to an incredibly large amount of his young life

(he was twenty-nine years old at the time of his sentencing hearing), and another eight years in prison will "not likely help him become a healthy, law-abiding person." *Id*. at PageID 143. Defendant points out that the experts in the United States Probation Officer thoughtfully recommended a six-year sentence based on their vast wealth of experience. *Id*. at PageID 143.

The Government contends that Defendant's motion is not procedurally proper and should be summarily denied. Doc. No. 32 at PageID 148.

Upon careful consideration of Defendant's contentions, the Court notes the absence of a citation to a statute, rule, or case upon which he relies to obtain reconsideration of his sentence or imposition of a reduced sentence. Setting this problem aside, none of Defendant's arguments convince the Court that his eight-year sentence was based on an error of fact or law, or that a six-year sentence should have been imposed instead of an eight-year sentence. The Court again concludes, pursuant to 18 U.S.C. § 3553(a), that his eight-year sentence is "'sufficient but not greater than necessary' to reflect the need for just punishment, deterrence, public safety, and rehabilitation." *United States v. Roush*, No. 24-3096, 2024 WL 4891202, at *2 (6th Cir. Nov. 26, 2024) (quoting 18 U.S.C. § 3553(a)).

For these reasons, Defendant's motion to reconsider his sentence is **DENIED**. The case remains **TERMINATED** on the docket.

**IT IS SO ORDERED.**

December 9, 2024                  s/*Michael J. Newman*
                                                       Hon. Michael J. Newman
                                                       United States District Judge